```
UNITED STATES DISTRICT COURT                      FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                   :
SAYED G. HAIDER,                                   :
                                                   :
                         Petitioner,               :
                                                   :          MEMORANDUM
               - against -                         :          AND ORDER
                                                   :
UNITED STATES OF AMERICA, ERIC H.                  :          09-CV-946 (JG)
HOLDER, JR., Attorney General of the United        :
States, and BUREAU OF CUSTOMS AND                  :
IMMIGRATION SERVICES,                              :
                         Respondents.              :
---------------------------------------------------------------- X
```

A P P E A R A N C E S :

       CHHETRY & ASSOCIATES
           363 Seventh Avenue
           New York, New York 10001
   By:   Khagabendra Gharti Chhetry
           *Attorneys for Petitioner*

       BENTON J. CAMPBELL
           United States Attorney
           Eastern District of New York
           271 Cadman Plaza East
           Brooklyn, New York 11201
   By:   Margaret M. Kolbe
           *Attorney for Respondents*

JOHN GLEESON, United States District Judge:

        Sayed G. Haider petitions for a writ of mandamus under 28 U.S.C. § 1651. He seeks a writ directing the defendants to accept the affidavits and other materials submitted by Haider in connection with his application for an adjustment of his immigration status. On October 9, 2009, the defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). I heard oral argument on December 11, 2009. For the reasons stated below, Haider's petition is dismissed.

BACKGROUND

The following facts, taken from the petition and attached exhibits, are assumed to be true for the purposes of this motion.

On October 26, 2001, Haider applied for legal resident status pursuant to the LIFE Act, Pub. L. 106-553, 114 Stat. 2762 (2000), *amended by* LIFE Act Amendments, Pub. L. 106-554, 114 Stat. 2763 (2000). On September 14, 2007, the District Director rejected Haider's application.[1] The Director found that the three affidavits submitted by Haider failed to demonstrate that he was in the United States continuously from before January 1, 1982 through May 4, 1988. Specifically, the Director found that since the affiants themselves were not in the United States during the periods they attested to in their affidavits, they could not establish Haider's residence in the United States during those times. In addition, the Director found that Haider had provided conflicting answers in two I-687 forms submitted in June and September 1990. The Director found that Haider failed to prove that the statements he provided in connection with in September 1990 were truthful.

Haider alleges that he was "cheated and defrauded" by a broker who submitted incorrect information to the authorities in June 1990. Haider alleges that the broker confused Haider's information with another individual's information. This broker, along with twenty-one other brokers, was prosecuted and convicted for bribing an immigration officer. Haider was issued a Notice of Intention to Revoke his Form I-688A as a result of the convictions. However, he never responded. Accordingly, Haider's application was revoked on March 3, 1998.

---

[1] The date of the Notice of Decision informing Haider of the Director's decision is different in the paperwork submitted by the defendant than in the exhibits submitted by Haider. The defendant's copy of the Notice states the date as September 12, 2007, while Haider's copy of the letter notes the date as September 14, 2007. The content of the letters appears to be exactly the same. For the purposes of this motion, I will use the date noted on the Notice that Haider received.

On February 3, 2009, the Administrative Appeals Office ("AAO") dismissed Haider's appeal. The AAO found that Haider failed to submit sufficient evidence to show that he continuously resided in the United States during the requisite period. Furthermore, the AAO identified Haider as having procured an immigration-related benefit through a bribe payment, which cast doubt on the validity of the other documents he submitted.

Haider brought this action on March 6, 2009.

## DISCUSSION

A. *The Standard Under Rule 12(b)(1)*

Motions to dismiss pursuant to Rule 12(b)(1) test the legal, not the factual, sufficiency of a complaint. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*), and draw all reasonable inferences in favor of the petitioner. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In its recent decision in *Iqbal*, the Supreme Court offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the [petitioner] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal,* 129 S. Ct. at 1949 (internal citations and quotation marks omitted).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the petitioner's possession or of which the petitioner had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

B.      *Subject Matter Jurisdiction under the Immigration Control and Reform Act*

The Immigration Reform and Control Act of 1986 ("ICRA"), Pub. L. 99-603, 100 Stat. 3359, established the amnesty program which provided aliens, who had resided unlawfully in the United States continuously prior to January 1, 1982, the opportunity to obtain legal immigration status. 8 U.S.C. § 1255a. The statute specifically states that "[t]here shall be no administrative or judicial review of a determination respecting an application for adjustment of status under this section except in accordance with this subsection." *Id.* at § 1255a(f)(1). The relevant subsection mandates that the Attorney General establish for a single level of administrative appellate review for adjustment of status applications. *Id.* at § 1255a(f)(3). Further, it provides for judicial review "only in the judicial review of an order of deportation." *Id.* at 1255a(f)(4). This provision has been described as ICRA's "exclusive review scheme." *Guzman-Andrade v. Gonzales,* 2005 U.S. App. LEXIS 9038 at *4 (9th Cir. May 19, 2005). It is undisputed that Haider is not currently in deportation proceedings and there is no order of deportation pending against him. Even if such a deportation order were issued, judicial review of the order would be available only in the Second Circuit Court of Appeals. 8 U.S.C. § 1252(a)(5).

Haider argues that the IRCA limitations on judicial review do not apply to LIFE Act cases. The LIFE Act, the result of two class actions which challenged the implementation of IRCA, modifies the application of IRCA to certain aliens. Pub. L. 106-553, 114 Stat. 2762 at § 1104(a) (2000) ("In the case of an eligible alien described in subsection (b), the provisions of section 245A of the Immigration and Nationality Act (8 U.S.C. § 1255a), as modified by subsection (c), shall apply to the alien.") The LIFE Act explicitly states that the provisions of 8 U.S.C. § 1255a limiting judicial review apply to a determination of status under the LIFE Act section. *Id.* at 1104(f). Accordingly, judicial review is not available in Haider's case unless there is an order of deportation.

Haider further argues that if judicial review of the denial of his application is prohibited, then he is left "without any effective means of obtaining review of the AAO's decisions." Pet. Reply at 4. It is true that the government cannot initiate deportation proceedings against Haider based on his application; the statute prohibits the government from using an application for legal resident status for deportation purposes. 8 U.S.C. § 1255a(c)(5)(A). However, Haider can initiate deportation proceedings himself and judicial review would be available at that time. *Hussain v. United States,* No. 09-CV-895, 2009 WL 2413260, at *4 (E.D.N.Y. Aug. 3, 2009)(Sifton, J.).

Based on the unambiguous text of the statute, I am without subject matter jurisdiction to review the AAO's denial of Haider's petition without an order of deportation.

CONCLUSION

As I lack subject matter jurisdiction over Haider's petition, his petition is dismissed.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
December 16, 2009